**The EURAIL COMMUNITY, Plaintiff,**

v.

**STUDENT FLIGHTS, INC., Defendant.**

**No. 98 Civ. 3944(LLS).**

United States District Court,
S.D. New York.

Aug. 31, 1998.

Gibson Dunn & Crutcher, New York City (Mitchell A. Karlan, Preeta D. Bansal, Hillary S. Zilz, of counsel), for Plaintiff.

Oppenheimer Wolff & Donnelly, New York City (Ranfi Rivera, of counsel), for Defendant.

## AMENDED OPINION AND ORDER

STANTON, District Judge.

Plaintiff Eurail Community is a consortium of European national railroads and maritime companies (Ptf's Aug. 24, 1998 brief, p. 3), an unincorporated association with offices in the Netherlands (Complt.¶ 2). It evidently has no place of business within the United States.

Defendant Student Flights, Inc. is an Arizona corporation. Its only place of business is in Scottsdale, Arizona. (Jost decl. ¶ 2.)

Plaintiff Eurail Community distributes its travel programs in the United States through three authorized distributors, one of whom, DER Travel Services which is located in Chicago, entered into contracts authorizing defendant to issue Eurailpass and Europass tickets as an accredited sales outlet, for a 13 percent commission. (Still decl. ¶¶ 10–12, Jost decl. ¶¶ 3–7 and Ex's A thereto.)

Defendant Student Flights, Inc. seeks to transfer this action to the United States District Court for the District of Arizona (Phoenix), saying that it has never directed any specific marketing efforts to New York nor had any corporate presence there, its operations are limited to Arizona, its documents are located there, its witnesses who obtained the vanity telephone number 1–888–EU-RAIL1, incorporated Eurail USA, Inc. and established the internet website "www.europass.com" (actions which plaintiff attacks as infringements of its trademarks) to promote the railpass business for the benefit of itself, DER and plaintiff, and was thanked by DER for doing so, are located in Arizona and necessary for its daily operations there. (Jost decl. ¶¶ 8–17.)

Plaintiff Eurail Community's opposition to the transfer rests on its only particular connection with New York, which is that Eurail Community's agent for promoting U.S. sales and enforcing its intellectual property rights, Rail Europe Group, has its principal place of business in Harrison, New York (Still decl. ¶¶ 2, 4, 7). Rail Europe Group, as plaintiff's agent, secured the federal registration of its trademarks in the United States and maintains its records here.

From the materials before the court, it appears that the major issues in the litigation will turn on defendant's assertions that its actions were taken in the interests of— and with the knowledge and approval of— not only itself but also plaintiff's agent DER, rather than on the validity of plaintiff's trademarks. To the extent that is true, the important and necessary witnesses will be those working for Student Flights, Inc. in Arizona and DER in Chicago, rather than for the Rail Europe Group in New York. Certainly that is true with respect to the communications and understandings that accompanied the contracts between DER and defendant. Nor does it appear that the evidence concerning the infringing conduct or the likelihood of confusion is particularly related to New York rather than any other state. In light of the ubiquity of students interested in obtaining and using Eurail passes, and plaintiff Eurail Community's interest in selling its programs outside as well as in New York, it may be doubted whether a just policy would favor concentrating its enforcement litigation here for the convenience of its enforcement agents rather than in the various locations where those with whom plaintiff's distributors contract carry on their businesses.

For the convenience of the parties and witnesses, and in the interest of justice, defendant's motion is granted and this action will be transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Arizona.

So ordered.